## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASER ALLAN, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 05-194 J |
| | ) |
| v. | ) Judge Gibson |
| | ) |
| | ) |
| TRACY JOHNS, Warden, F.C.I., | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and subsection 3 and 4 of Local Rule 72.1 for Magistrate Judges.

The magistrate judge filed a Report and Recommendation on March 1, 2006 (Docket No. 13), recommending that the petition be granted and the Petitioner discharged from custody.

The parties were notified that pursuant to 28 U.S.C.§(b)(1), they had ten days to serve and file written objections to the Report and Recommendation. Respondent filed timely objections, (Docket No. 15). This court has reviewed this matter *de novo*. After doing so, this court rejects the Report and Recommendation and denies the writ.

In *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002), the court held that in imposing sentence, a district court may grant an adjustment for time served on a pre-existing sentence pursuant to United States Sentencing Guidelines §5G1.3(c). However, even though the sentencing judge has this authority under §5G1.3(c), it still must be determined whether the sentencing judge in this case in fact exercised this option to grant an adjustment under §5G1.3(c) by making the federal sentence concurrent with the state sentence for the full period of the pre-existing sentence (retroactively concurrent) or only concurrent for the remainder of the pre-existing sentence beginning with the date of imposition of the federal sentence. Under *Ruggiano*,[1] either of these results is permitted.

In *Ruggiano*, the sentencing judge stated at sentencing "that he thought it appropriate 'to go ahead and recommend that [*Ruggiano's* state sentence] be served concurrently and that he receive credit for the amount of time that he served there.'" *Ruggiano* at 124. "Then, in his written judgment, he [sentencing judge] recited that *Ruggiano's* sentence was to 'run concurrent with State sentence. Defendant to receive credit for time served.'" *Id.* The court in *Ruggiano* found that this language conveyed an intent of the sentencing judge to grant an adjustment by making the federal sentence retroactively concurrent for the entire period of the state sentence pursuant to §5G1.3(c).

---

[1]As a matter of interest, this court notes that application note 3(E) to U.S.S.G. §5G1.3 (U.S. Sentencing Guidelines Manual §5G1.3 cmt. n. 3(E) (2003)) provides that "subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." This application note also makes reference to a district court being permitted to grant credit for time served on a pre-existing sentence in extraordinary circumstances. This credit (not adjustment) is to be deemed a downward departure.

This application note appears to conflict with the holding in *Ruggiano*, however, this court considers *Ruggiano* to be the controlling precedent upon which the decision of the case *sub judice* is based.

2

In the case *sub judice*, the sentencing judge issued an order subsequent to the date of imposition of the federal sentence which included the following language:

the sentence imposed by this court shall run concurrent to his New Jersey sentence, with any time remaining under this sentence thereafter to be consecutive thereto.

The issue presented to this court is whether the sentencing judge evidenced an intent to make the federal sentence retroactively concurrent with the state sentence by use of the language "the sentence imposed by this court shall run concurrent to his New Jersey sentence." This court finds that such language does not convey an intent of the sentencing court that the federal sentence was to be retroactively concurrent, but rather conveys an intent that the federal sentence and state sentence were to run concurrently from the date that the federal sentence commenced, namely the date of the federal sentencing.

In comparing the language of the sentencing judge in *Ruggiano* with the language of the sentencing judge in the case before this court, this case is clearly distinguishable from *Ruggiano*. The sentencing judge in this case merely said that the federal sentence "shall run concurrent" to the state sentence. The statement "shall run concurrent", with no reference to past credit, clearly conveys an intent that the concurrent status of the federal sentence was to begin on the date that such federal sentence commenced. In *Ruggiano*, the sentencing judge stated that the federal and state sentences were to run concurrently and then added the language "Defendant to receive credit for time served" and "he shall receive credit for the amount of time he served there [referring to state sentence]." This additional language conveys an intent to grant an adjustment under §5G1.3(c) by making the sentence retroactively concurrent to cover the entire period of the state sentence, in that this language which was utilized in addition to the term "concurrent" was unnecessary and superfluous other than

3

to convey such an intent. However, in contrast, in the case before this court, it is determined that the sentencing judge exercised her discretion under 18 U.S.C.§3584(a) to impose a concurrent sentence but did not evidence any intent to adjust Petitioner's sentence pursuant to U.S.S.G. §5G1.3(c) by making the concurrent sentence retroactive.

The court concludes that use of the term "concurrent" by the sentencing judge in this case means concurrent commencing on the date the federal sentence is imposed and does not mean retroactively concurrent to the first date in custody on a state sentence or another federal sentence. Generally, use of "concurrent" has that meaning, provided there is no additional language which conveys a contrary intent. If a sentencing judge intends to grant an adjustment by imposing a retroactive concurrent sentence, then he or she will add additional language such as was done in *Ruggiano*. Therefore, the court determines that the sentencing judge in the case *sub judice* intended that the federal sentence run concurrently with the state sentence beginning on the effective date of the federal sentence, namely May 21, 1997, which was the date on which the federal sentence was imposed. The court finds no evidence that the sentencing judge intended to grant any adjustment for time served under the state sentence prior to May 21, 1997. The court concurs with the computation of credit by the Bureau of Prisons. Therefore, the writ of habeas corpus will be denied.

4

After *de novo* review of the record of this matter, together with the Report and Recommendation and the timely objections thereto, the following order is entered:

**AND NOW**, this _7th_ day of _April_, 2006, it is **ORDERED** that the Petitioner's petition for a writ of habeas corpus is denied.  The clerk shall mark this matter closed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT COURT