## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASER ALLAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 05-194J |
| | ) |
| TRACY JOHNS, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**GIBSON, J.**

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and subsection 3 and 4 of Local Rule 72.1 for Magistrate Judges.

The magistrate judge filed a Report and Recommendation on March 1, 2006 (Docket No. 13), recommending that the petition be granted and the Petitioner discharged from custody.

The parties were notified that pursuant to 28 U.S.C.§636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation. Respondent filed timely objections (Docket No. 15). This court reviewed the matter *de novo*. After doing so, the Court rejected the Report and Recommendation and denied the writ.

Petitioner filed a Motion for Reconsideration (Document No. 22). For the reasons stated herein, the Court denies the Petitioner's Motion for Reconsideration.

In his Motion for Reconsideration, Petitioner argues that the sentencing court's order stating that the sentence "shall run concurrent" to his state sentence was, in fact, an express denial of any intent that the sentence run only partially concurrent with his state sentence. (Document No. 22, p. 2). Petitioner's argument is without merit.

First, there is absolutely no express denial of an intent for the sentence to run only partially concurrent by the sentencing court. In the case *sub judice*, the sentencing judge issued an order subsequent to the date of imposition of the federal sentence that included the following language:

> the sentence imposed by this court shall run concurrent to his New Jersey sentence, with any time remaining under this sentence thereafter to be consecutive thereto.

An express denial would require some overt statement that the term was not to run partially concurrent. No such statement was made by the sentencing court, therefore, there was no express denial of an intent that the sentence run only partially concurrent as claimed by the Petitioner.

Furthermore, in the circumstances present in the case *sub judice*, the Court finds no clear expression of an intent, express or implied, for the sentence to run retroactively concurrent. In *Ruggiano v. Reish*, 307 F.3d 121,124 (3d Cir. 2002) the court held a clear expression of intent for the sentence to run retroactively concurrent was present where the sentencing judge stated that "[Ruggiano's state sentence] be served concurrently and that **he receive credit for [the] amount of time he served there**" and the written judgment recited that sentence was to "run concurrent with State sentence [and] **Defendant [was] to receive credit for time served**." (emphasis added). Although the sentencing court's order in the case *sub judice* ordered that the federal sentence "shall run concurrent" to Petitioner's state sentence, it neither specified that the sentence was to run retroactively concurrent, nor indicated that Petitioner was entitled to credit for time already served. Therefore, the Court finds

the sentence was to run concurrently from the date of the order forward.

**AND NOW,** this 20th day of April, 2006, after considering Petitioner's Motion for Reconsideration (Document No. 22), **IT IS HEREBY ORDERED** that the Petitioner's Motion for Reconsideration (Document No. 22) is DENIED.

**IT IS FURTHER ORDERED**, that the Court finding no merit in the argument that the sentencing court intended the sentence to run retroactively concurrent with the state sentence, there is no merit in Petitioner's Motion for Bond Pending Disposition (Document No. 14), and thus, Petitioner's Motion for Bond Pending Disposition (Document No. 14) is DENIED.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**